■ In the Matter of JEFFREY SCHAPER et al., Appellants-Respondents, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent-Appellant, et al., Intervenor-Respondent. [748 NYS2d 378] —Order and judgment (one paper), Supreme Court, New York County (Leland De-Grasse, J.), entered May 29, 2001, which, in a proceeding brought pursuant to CPLR article 78, granted the petition to annul a determination, dated June 21, 2000, by respondent State Division of Housing and Community Renewal (DHCR) of petitioners' fair market rent appeal, to the extent of remanding the matter for recalculation of the applicable fair market rent, unanimously modified, on the law, to deny the petition in its entirety, and to dismiss the proceeding, and otherwise affirmed, without costs.

Inasmuch as the administrative record contains evidence rationally supportive of so much of the challenged DHCR determination as allowed respondent landlord a rent increase based upon the landlord's improvements to the subject premises, that part of the challenged determination was properly left undisturbed by the IAS court (*see Matter of Pell v Board of Educ.*, 34 NY2d 222, 230-232). The IAS court, however, erred when it found that DHCR's interpretation of Rent Guidelines Board Special Guideline No. 26 was contrary to law and on that ground remanded the matter to DHCR for recalculation of the applicable fair market rent. Contrary to the view of the IAS court, there is no presently relevant conflict between DHCR's reading of Special Guideline No. 26 and the rent control law. The rental unit at issue, which was voluntarily vacated subsequent to June 30, 1971, is not rent controlled, but rent stabilized (*see e.g. Matter of McKenzie v Mirabal*, 155 AD2d 194, 196), and, under rent stabilization, there exists no statutory impediment to setting the initial fair market rent without consideration of whether the rent increase eligibility requirements applicable under the rent control scheme have been previously met. This being the case, and bearing in mind the deference to be accorded DHCR's construction of enactments administered by it within its area of special expertise (*see Matter of Toys "R" Us v Silva*, 89 NY2d 411, 418-419), we perceive no ground upon which DHCR's application of Special Guideline No. 26 in the instant fair market rent appeal would be susceptible of judicial disturbance. Finally, since DHCR's

position in this litigation was substantially justified—and, indeed, has now been vindicated in its entirety—petitioners were properly denied reimbursement for the counsel fees and expenses incurred by them in pursuing this matter (*see* CPLR 8601 [a]). Concur—Tom, J.P., Ellerin, Lerner, Rubin and Gonzalez, JJ.